UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br>KURTIS CAMRON BISHOP,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cr-00006-TL-1<br><br>ORDER ON MOTION FOR TERMINATION OF SUPERVISED RELEASE |

Defendant Kurtis Camron Bishop was sentenced to a term of imprisonment and supervised released following a guilty plea. This matter is before the Court on Mr. Bishop's Motion for Termination of Supervised Release. Dkt. No. 6. Having reviewed the record, including responses from the Government (Dkt. No. 10) as well as Probation and Pretrial Services (Dkt. No. 11 (sealed)), the Court GRANTS the motion.

## I.　BACKGROUND

On September 18, 2017, Mr. Bishop was sentenced in the Eastern District of Washington to 30 months of imprisonment followed by 3 years of supervised release following his guilty plea

to Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §922(g)(1) and 924(a)(1).[1] *USA v. Bishop*, No. CR16-006, Dkt. No. 43 (E.D. Wash. Sept. 18, 2017); *see also* Dkt. Nos. 2-2, 2-3. In addition to the standard conditions of supervision, the following special conditions were imposed: mental health evaluation and treatment as recommended, substance abuse evaluation and treatment, controlled substance use restriction and monitoring, alcohol use restriction and monitoring, location restriction ("any establishment where alcohol is primary item of sale"), and search/seizure compliance. Dkt. No. 2-3 at 4–5. He commenced supervision in the Eastern District of Washington on May 6, 2022. In January 2023, jurisdiction for Mr. Bishop's supervision was transferred to the Western District of Washington. Dkt. No. 1. Mr. Bishop's term of supervision is due to expire May 5, 2025.

Mr. Bishop has maintained steady employment, successfully completed a term of supervision arising from related state convictions, gotten married, and maintained a stable residence and family life. Dkt. No. 6 at 5–6; Dkt. No. 10 at 1. Other than two minor violations of his special conditions for consumption of alcohol in January 2023, Mr. Bishop has remained in full compliance with federal supervision. Dkt. No. 6 at 4; Dkt. No. 10 at 1. At this time, he has completed 23 months of a 36-month term of supervision.

## II.   LEGAL STANDARD

A district court has "broad discretion in determining whether to grant a motion to terminate supervised release." *USA v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. § 3583(e)(1); then citing *USA v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006)). After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may

---

[1] The same year, Mr. Bishop was also sentenced in state court for related crimes and received a total of 87 months of imprisonment. *See* Dkt. No. 6 at 3. The 30-month term of imprisonment imposed by the Eastern District court was set to run for 15 months concurrent and 15 months consecutive to the state sentence. *Id.*

ORDER ON MOTION FOR TERMINATION OF SUPERVISED RELEASE - 2

terminate a term of supervised release after one year has expired "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The relevant sentencing factors are:

- The nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

- The need to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B).

- The need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C).

- The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D).

- The kinds of sentence and the sentencing range established for the category of offense and category of defendant. 18 U.S.C. § 3553(a)(4).

- Any pertinent policy statement by the United States Sentencing Commission. 18 U.S.C. § 3553(a)(5).

- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

- The need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(7).

Notably, a defendant is not required to demonstrate "undue hardship," *Emmett*, 749 F.3d at 819, or "exceptional behavior," *USA v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Instead, "a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819 (citing *USA v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)). A court's explanation of its decision "must be sufficiently detailed to permit 'meaningful' appellate review, and it must state the court's reasons for rejecting 'nonfrivolous' arguments." *Id.* at 821 (quoting *USA v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)).

ORDER ON MOTION FOR TERMINATION OF SUPERVISED RELEASE - 3

### III. DISCUSSION

Mr. Bishop asserts that termination of supervision is warranted because he "has demonstrated that he can successfully manage his life lawfully after supervision." Dkt. No. 6 at 7. Specifically, Mr. Bishop points to his stable employment, familial and community support, and lack of significant violations during supervision. *Id.* at 3–7. The Government does not oppose early termination and notes that it seems like "Mr. Bishop has adjusted well to supervised release and appears to have healthy prosocial relationships." Dkt. No. 10 at 1. Probation and Pretrial Services recommends Mr. Bishop be granted early termination of supervision, reporting that "[h]e has performed well thus far and derived the maximum benefit from supervision." Dkt. No. 11 at 2.

Considering the relevant factors, the Court finds that:

- The nature of Mr. Bishop's offense and his criminal history generally weigh against early termination. 18 U.S.C. § 3553(a)(1). The underlying offense is Felon in Possession of a Firearm and Ammunition. Dkt. No. 6 at 2; *see also* Dkt. No. 1 at 1. The federal charge coincided with investigations that led to his state convictions for other serious crimes including burglary, theft, possession of stolen property and controlled substances, and resisting arrest. Dkt. No. 6 at 3. At the time, Mr. Bishop also had a history of felony theft and other property crimes. *Id.*

- Additional supervision does not appear to be required to afford adequate deterrence or to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B), (C). Mr. Bishop successfully completed state supervision, has not had any noted conditions violations for over a year, and has developed and maintained healthy prosocial relationships. Dkt. No. 6 at 3–6. The Government does not raise any concerns regarding likelihood to reoffend or danger to the public. *See* Dkt. No. 10 at 1.

- Additional supervision will not provide Mr. Bishop with any necessary educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). Mr. Bishop earned a vocational certificate and has maintained steady employment while on supervision. Dkt. No. 6 at 5. Mr. Bishop has demonstrated, and the Government appears to agree, that he has adjusted well to supervision. *Id.*; Dkt. No. 10 at 1. Further, Probation and Pretrial

- Services states that Mr. Bishop has "derived the maximum benefit from supervision." Dkt. No. 11 at 2.

- Judicial Conference policy statements support early termination of supervision. 18 U.S.C. § 3553(a)(5); *see also* Dkt. No. 6 at 6–7 (demonstrating how Mr. Bishop meets stated criteria for early termination in Judicial Conference guidance provided to Probation and Pretrial Services).

- Neither of the Parties address any of the remaining relevant factors. As such, the Court concludes that none of the remaining factors would preclude Mr. Bishop from qualifying for early termination of supervised release.

Per the above considerations and the fact that Mr. Bishop has been on supervised release for more than one year, the Court "is satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

### IV.    CONCLUSION

Accordingly, the Court GRANTS Mr. Bishop's Motion for Termination of Supervised Release. Dkt. No. 6. The Court further DIRECTS the Clerk of the Court to close this case.

Dated this 9th day of April 2024.

Tana Lin
United States District Judge